**Exhibit G**

Case 2:26-cv-00593-CMR    Document 10-7    Filed 06/29/26    PageID.745    Page 1 of 5

2

GREGORY C. BELMONT
℅ CereBel Legal Intelligence
157 East 86th Street, 4th Floor
New York, NY 10028
Telephone (631) 506-8464
belmont@cerebel.law

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BAM FRANCHISING, INC., AMMON MCNEFF, MATTHEW MCNEFF, JOSH JOHNSON, BRANDON BEST, BAKER BRICKS, LLC, dba SALEM-BAKER BRICKS INC,<br><br>        Plaintiffs,<br><br>vs.<br><br>BENJAMIN PAUL SCHNEIDER, RECKLESS BEN LLC, BRYAN MANSEL, VICTOR NGUYEN.<br><br>        Defendants. | **[PROPOSED] ORDER GRANTING INTERVENTION AND ENTERING DECLARATORY RELIEF**<br><br>Case No. 2:26-cv-00593<br><br>Magistrate Judge Cecilia M. Romero |

This matter comes before the Court upon Proposed Non-Party Intervenor Gregory C. Belmont's Refiled Federal Motion to Intervene for Limited Purpose and for a Declaratory Order. Having reviewed the briefing, the underlying state court record docketed at ECF No. 1.2, and finding good cause,

IT IS HEREBY ORDERED that Movant's Motion to Intervene is **GRANTED**. Gregory C. Belmont is permitted to intervene in this action for the limited purpose of asserting audience-side constitutional challenges to the Temporary Restraining Order ("TRO") entered in state court on June 9, 2026.

IT IS FURTHER ORDERED AND DECLARED that:

1. **(PRIMARY RELIEF)** Pursuant to Utah Rule of Civil Procedure 65A(b)(2) and the United

   States Supreme Court's mandate in *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423

   (1974), the ex parte Temporary Restraining Order issued by the state court on June 9, 2026

1

(ECF No. 1-4, *State Ct. Rec.* at 494, State Doc. 55), expired automatically by operation of law prior to removal due to the expiration of the statutory 14-day maximum limit and the absence of text-based, good-cause extension findings entered of record. Said state court TRO is declared legally expired, unenforceable, and dead on this Court's federal docket.

2.  **(ALTERNATIVE RELIEF)** In the alternative, if any portion of the state court TRO survived removal, the Court finds that its speech-restrictive and content-purging mandates function as unconstitutional prior restraints on expression that fail to satisfy Federal Rule of Civil Procedure 65(d)'s specificity requirements, violate the Tenth Circuit boundary between conduct and protected consumer criticism, and cause immediate, irreparable injury under *Elrod v. Burns*, 427 U.S. 347 (1976). Accordingly:

    **Paragraph 5(k)** of the June 9, 2026, TRO, which mandates the pre-adjudication removal and takedown of online video and audio publications, is hereby **VACATED** and **STRICKEN** in its entirety.

    **Paragraph 5(j)** of the June 9, 2026, TRO, which prospectively bars dissemination of images or content deemed "misleading" or "harassing," is hereby **VACATED** and **STRICKEN** in its entirety.

3.  **(NON-PARTIES INCLUDING THIRD-PARTY PLATFORMS)** Independent non-parties including online streaming, digital account, and crowdfunding platforms (including, but not limited to, YouTube, Patreon, and GoFundMe) are not bound by any continuing speech or content restrictions under the state court's June 9, 2026.

IT IS FURTHER ORDERED that any Preliminary Injunction or subsequent injunctive relief entered in this action shall not contain prior restraints on expression, mandatory content-purging directives, or prospective speech bans.

IT IS FURTHER ORDERED that any speech-protective safe harbor or commentary allowance

granted to the named Defendants in any subsequent order of this Court shall explicitly apply to all independent non-parties. No party to this action shall leverage any injunctive framework of this Court to execute extrajudicial content-takedown demands, digital account suspensions, or crowdfunding freezes against independent non-parties absent an explicit judicial finding of active concert under Federal Rule of Civil Procedure 65(d)(2).

IT IS FURTHER ORDERED that to protect the integrity of the public square and insulate independent non-parties from unconstitutional prior restraints, the Court enters the following prospective procedural framework:

1. **[OPTION A: NOTICE-AND-OBJECTION STRUCTURE]** Movant Gregory C. Belmont is granted limited-purpose intervenor status solely as to future requests for speech-restrictive relief. If any party files a motion, stipulation, or proposed order seeking speech restrictions, internet publication limits, content-takedown relief, restrictions directed to digital platforms, or restrictions affecting crowdfunding activity, the filing party shall serve Movant by email at the time of filing. Movant may file a limited response or objection within seven days, or within any shorter period set by the Court, addressing only the proposed speech-restrictive relief.

2. **[OPTION B: DENIAL WITHOUT PREJUDICE WITH AUTOMATIC RENEWAL RIGHT]** In the alternative, if the Court determines that immediate intervention as of right is procedurally unnecessary at this juncture Movant's application is DENIED WITHOUT PREJUDICE. Movant is granted explicit, automatic leave to immediately refile his Federal Motion to Intervene and request for emergency protective relief on this docket if any party to this action applies for, stipulates to, or moves to impose any renewed speech-restrictive, publication-takedown, or content-purging relief prior to the final adjudication of this action.

BY THE COURT:

Dated: _____, 2026


_____
UNITED STATES [MAGISTRATE] DISTRICT JUDGE