R. SCOTT YOUNG (10695)
MELINDA K. BOWEN (13150)
HAILEY WINN (20420)
**SPENCER FANE LLP**
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
rsyoung@spencerfane.com
mbowen@spencerfane.com
hwinn@spencerfane.com
*Attorneys for Defendants Benjamin Paul Schneider,*
*Reckless Ben LLC, and Victor Nguyen*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| BAM FRANCHISING, INC., AMMON MCNEFF, MATTHEW MCNEFF, JOSH JOHNSON, BRANDON BEST, BAKER BRICKS, LLC, dba SALEM-BAKER BRICKS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BENJAMIN PAUL SCHNEIDER, RECKLESS BEN LLC, BRYAN MANSELL, and VICTOR NGUYEN, <br><br> Defendants. | **JOINT MOTION FOR MODIFICATION OF TEMPORARY RESTRAINING ORDER AND ENTRY OF PRELIMINARY INJUNCTION** <br><br> Case No. 2:26cv593 <br><br> Magistrate Judge Cecilia M. Romero |

Plaintiffs BAM Franchising, Inc., Ammon McNeff, Matthew McNeff, Josh Johnson,

Brandon Best, and Baker Bricks, LLC, dba Salem-Baker Bricks, Inc. ("Plaintiffs") and Defendants

Benjamin Paul Schneider, Reckless Ben, LLC, Bryan Mansell, and Victor Nguyen ("Defendants")

jointly stipulate, agree and move the Court to modify the Temporary Restraining Order entered on

June 9, 2026 in the Fourth District Court for the State of Utah, and to convert such into a Preliminary Injunction in order to permit the parties to engage in settlement discussions and/or mediation following an exchange of relevant documents and other information.

Plaintiffs allege they are suffering and will continue to suffer immediate and irreparable injury before this action can be fully heard, as set forth in the Verified Complaint and Motion for Temporary Restraining Order filed in Fourth District Court for the State of Utah and submitted to this Court in the Notice of Removal.  Defendants dispute these allegations, intend to assert counterclaims against Plaintiffs, and contest Plaintiffs' entitlement to any relief, including, but not limited to, a permanent injunction.  Plaintiffs likewise dispute Defendants' counterclaims.

Despite these differences, the Parties have agreed to mediate this case, and in light of this, they jointly move the Court to enter a Preliminary Injunction in the form attached as **Exhibit A**, which is summarized as follows:

1. Defendants agree that they, their affiliates, employees, contractors, agents and representatives, and anyone acting in concert with them, directly or indirectly, in person, remotely or online, are immediately restrained from:

    a. Making, transmitting, soliciting, encouraging, and/or facilitating death threats, bomb threats or other threats of physical violence and/or knowingly and intentionally engaging in property destruction, stalking, trespass, interference, extortion, personal injury or property damage against Plaintiffs, their independent franchisees, employees, officers, owners, customers, attorneys, vendors or family members;

SLC 8059294.2

b.  Publishing or encouraging others to publish personal addresses, personal phone numbers, personal email addresses, family information or other doxxing information of any kind regarding Plaintiffs' personnel, franchisees, owners or employees;

c.  Entering, remaining at, filming, blocking access to, or approaching within a defined distance (not less than 100 yards) Plaintiffs' or their franchisees' stores, offices, warehouses, franchise locations, parking areas, employee homes or franchisee homes hereafter, except through counsel, lawful service of process or court-approved activity;

d.  Impersonating Plaintiffs, any franchisee, law enforcement, a court officer, a delivery service, a customer, a government entity, employee or any other third party to obtain signatures, access, statements, employee information, audio/video recordings, customer information and/or to effectuate an interference or business disruption;

e.  Touching, altering, covering, defacing or placing signage or any other form of communication affecting Plaintiffs' or their franchisees' physical property;

f.  Physically blocking, deterring or interfering with customers, employees, vendors or delivery personnel doing business with Plaintiffs or their franchisees in any way, including entering or leaving any such locations; and

g.  Soliciting Plaintiffs' employees, franchisees or contractors to leak confidential information, record inside stores without authorization, obtain phone numbers or private information, or create or participate in staged

SLC 8059294.2

confrontations.

2. Subject to the foregoing, nothing in this order shall prohibit Defendants from discussing Plaintiffs, commenting on this litigation, publishing court filings, engaging in investigative journalism, expressing opinions, criticism, satire, and/or commentary, through any lawful means or methods they choose, including, but not limited to, YouTube, Tik Tok, Instagram, and podcasts, and/or other internet, television, radio, and social media platforms.

3. Pursuant to Fed. R. Civ. P. 65(c), Plaintiffs shall not be required to pay as security a bond at this time.

4. The preliminary injunction will remain in effect until further order of the Court.

5. Nothing in the Preliminary Injunction shall be construed as a waiver of any Party's defenses and right to pursue past, present and future claims and damages against any other Party.

DATED this 30th day of June, 2026.

**SPENCER FANE LLP**

 */s/ Scott Young*
Scott Young
Melinda Bowen
Hailey Winn
*Attorneys for Defendants Reckless Ben, LLC,*
*Benjamin Paul Schneider and Victor Nguyen*

DATED this 30th day of June, 2026.

**DENTONS DURHAM JONES PINEGAR P.C.**

 */s/ Wm. Kelly Nash (Signed with permission)*
Wm. Kelly Nash
Justin Rich
*Attorneys for Plaintiffs*

4

SLC 8059294.2

DATED this 30th day of June, 2026.

**SNELL & WILMER**

*/s/ Mark O. Morris (Signed with permission)*
Mark O. Morris
*Attorneys for Defendant Bryan Mansell*

DATED this 30th day of June, 2026.

**MILLER NASH LLP**

*/s/ Edward Decker (Signed with permission)*
Edward Decker
John C. Clarke
*Attorneys for Defendant Bryan Mansell*
*(Pro Hac Vice Forthcoming)*

5