GREGORY C. BELMONT
℅ CereBel Legal Intelligence
157 East 86th Street, 4th Floor
New York, NY 10028
Telephone (631) 506-8464
belmont@cerebel.law

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BAM FRANCHISING, INC., AMMON MCNEFF, MATTHEW MCNEFF, JOSH JOHNSON, BRANDON BEST, BAKER BRICKS, LLC, dba SALEM-BAKER BRICKS INC,<br><br>    Plaintiffs,<br><br>vs.<br><br>BENJAMIN PAUL SCHNEIDER, RECKLESS BEN LLC, BRYAN MANSELL, VICTOR NGUYEN.<br><br>    Defendants. | **NOTICE OF CHANGED CIRCUMSTANCES AND NARROWED REQUEST FOR LIMITED INTERVENTION**<br><br>Case No. 2:26-cv-00593<br><br>Magistrate Judge Cecilia M. Romero |

Proposed Intervenor and Movant Gregory C. Belmont respectfully gives notice of changed circumstances and narrows the relief requested in his Refiled Motion to Intervene ("Motion to Intervene"). (Doc. 10).

The parties have jointly moved to replace the TRO with a preliminary injunction that omits the TRO's primary speech-restrictive paragraphs, as the Motion to Intervene sought, and in Paragraph 2 expressly preserves Defendants' broad speech rights. See Joint Motion ¶ 2 and Proposed Order ¶ 2 (ECF Docs. 11, 11-1). <u>Proposed Intervenor does not seek to delay, and does not object to, immediate entry of the proposed Order Granting Joint Motion</u>, because his primary immediate concern is expeditious vacatur or supersession of the TRO's speech-restrictive

1

provisions; his remaining requests may be considered after entry.

However, because Paragraph 2 refers only to Defendants, and because Plaintiffs' procedural and extra-judicial history gives rise to a reasonable concern that similar speech-restrictive relief may again be sought before final resolution, Proposed Intervenor narrows his request to two residual protections which may be considered after entry of the proposed preliminary injunction:

a) as to clarification of Paragraph 2 of the proposed preliminary injunction, confirmation that its speech-protective language extends to nonparties by inserting the phrase "or any nonparty" after "Defendants," so that the first sentence begins:

> "Subject to the foregoing, nothing in this Order shall prohibit Defendants <u>or any nonparty</u> from [engaging in the protected speech activities listed in Paragraph 2]." (requesting underlined phrase be added)

b) as to the reasonable concern that similar speech-restrictive relief may again be sought before final resolution, entry of one of the following:

1) limited intervention solely for the purpose of receiving notice of, reviewing, and being heard within three days, or any shorter period set by the Court, on any future request for speech-restrictive relief;

2) without granting intervenor status at this time, a limited notice-and-objection mechanism providing notice and leave to object to any future request for speech-restrictive relief within three days, or any shorter period set by the Court;

3) reservation of ruling on intervention request to permit Proposed Intervenor to submit a request for a ruling if future speech-restrictive relief is sought or imposed; or alternatively

4) denial without prejudice to renewal if future speech-restrictive relief is sought or imposed.

The narrowed requests remain pertinent for the reasons explained more fully in the

Motion to Intervene. In short, the TRO's chilling effect extended beyond Defendants (*See* Motion, ECF Doc. 10 at p. 5 ¶¶ 4-6), and the proposed preliminary injunction's express speech-protective paragraph protects only "Defendants." Clarifying that the paragraph also applies to nonparties would reduce the risk that laypersons misunderstand, or others invoke, the injunction as authority to chill lawful commentary, fundraising support, platform activity, access to publications, or receipt of speech. Attorneys may understand that, once the TRO is superseded, its restraints no longer govern, but many lay nonparties affected or chilled by the TRO may not.

A limited prospective notice or objection procedure would likewise protect against similar speech-restrictive relief being sought again in this action by motion, stipulation, proposed order, application, or injunction before final resolution, particularly given Plaintiffs' prior request for emergency ex parte speech-restrictive relief without materially addressing the obvious and substantial First Amendment implications for the state court, and related extra-judicial conduct alleged to have suppressed or chilled speech, as described in the accompanying Supplemental Declaration (Exhibit A) which the Movant seeks leave to file concurrently. The supplemental declaration is short, factual, and directed to the same issues already presented in the motion and on the state record.

Proposed Intervenor respectfully requests that the Court consider the Motion to Intervene as narrowed by this Notice. Alternatively, if the Court concludes none of the requested relief is necessary, he respectfully requests the Court convert the Motion to Intervene together with this submission to a nonparty amicus curiae memorandum sua sponte.

DATED this 1st day of July, 2026

Respectfully submitted,


/s/ Gregory C. Belmont
Gregory C. Belmont
Proposed Intervenor, Pro Se