**EXHIBIT A**

1

GREGORY C. BELMONT
℅ CereBel Legal Intelligence
157 East 86th Street, 4th Floor
New York, NY 10028
Telephone (631) 506-8464
belmont@cerebel.law

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| BAM FRANCHISING, INC., AMMON MCNEFF, MATTHEW MCNEFF, JOSH JOHNSON, BRANDON BEST, BAKER BRICKS, LLC, dba SALEM-BAKER BRICKS INC, <br><br> Plaintiffs, <br><br> vs. <br><br> BENJAMIN PAUL SCHNEIDER, RECKLESS BEN LLC, BRYAN MANSELL, VICTOR NGUYEN. <br><br> Defendants. | **SUPPLEMENTAL DECLARATION OF GREGORY C. BELMONT IN SUPPORT OF NOTICE OF CHANGED CIRCUMSTANCES AND NARROWED REQUEST FOR LIMITED INTERVENTION** <br><br> Case No. 2:26-cv-00593 <br><br> Magistrate Judge Cecilia M. Romero |

I declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

1. I am over eighteen years old and competent to make this declaration. The statements below are based on my personal knowledge and review of the cited public videos and article.

**I. Allegedly Coerced Police Misconduct**

2. I watched the YouTube video located at https://youtu.be/cxZPfj8AlmY, titled "I got arrested because of legos," ("RB Video 1") which is cited in the Verified Complaint and Motion for TRO as a primary source of Plaintiffs' injury claims, raw police body and dash camera video of the incidents shown in the aforesaid video, and commentary on the same by AFPD Police Chief and Schneider as described in the Declaration accompanying my Motion to Intervene

2

(ECF Doc. 10-1 ¶¶ 13-14).

3. The videos depict and describe Defendant Benjamin Schneider and members of his team attempting to investigate and publicize the Bricks & Minifigs / Star Wars LEGO collection dispute that is at the core of the instant proceeding. As depicted in the video, those efforts led to repeated encounters with the American Fork Police Department ("AFPD"), including traffic stops, seizure of a mobile phone, a vehicle stop that appeared to contradict dashcam video, vehicle search following a drug-dog sniff despite no drugs being found, Schneider's arrest, an armed and apparent no-knock search of the Airbnb where Schneider and others were staying  resulting in the arrest of five, later release of four without charges, and no stolen items that were the subject of a search warrant found.

4. RB Video 1 and public commentary I have observed, mostly on YouTube videos produced by several lawyers expert in police procedure and civil rights, present those events as police overreach and as an improper escalation of a civil/business dispute into criminal enforcement activity.  RB Video 1 video further depicts Schneider and others disputing the asserted bases for the traffic stop, the characterization of their conduct as stalking or harassment, and the basis for the Airbnb search

5. The videos depict and describe Plaintiff Joshua Johnson's repeated contacts with AFPD personnel, including telephonic and face-to-face communications, and depicts Plaintiff Ammon McNeff in telephonic contact concerning the events. The video presents those communications as part of the sequence that allegedly contributed to the escalation of police action against Schneider and his collaborators.

6. I do not characterize the record as conclusively showing that Johnson or McNeff coerced police, but the materials support the narrower assertion that Plaintiffs helped trigger, encourage, or frame the police response that led to stops, searches, arrests, seizure of a

3

phone, and the later Airbnb search.

## II. Litigation Threats to Numerous Parties

7. **Statement Allegedly Directed to Bryan Mansell.** I reviewed the YouTube video located at https://youtu.be/wscQpkcwgNU, titled "I tracked down the thief who stole $200,000 of LEGO," ("RB Video 2") which is cited in the Verified Complaint and Motion for TRO as a primary source of Plaintiffs' injury claims. At approximately 4:25, the video describes Bryan Mansell's allegation that a Plaintiff or Bricks & Minifigs-affiliated person warned that if the dispute went to court, "we're going to drag this thing out so long," and that Mansell would spend more than the disputed collection was worth.

8. **Statement Allegedly Directed to Chrystal Law and Benjamin Gorman,** I reviewed the YouTube video located at https://youtu.be/zedmOopRTm0, titled "They Took Our LEGO Store & Life Savings. Help Us Fight Back." At approximately 2:04, the video depicts audio alleged to be the voice of Ki McAllister, described in public reporting as Director of Operations for BAM Franchising, Inc., warning that "the legal route" would be "a very expensive battle" and "expensive for you." The same excerpt includes the alleged statement: "If you fight this, then you're putting yourself into a whole lot of shit. It sounds like a threat and I can acknowledge that, because in a way it is."

9. **Reported Threats Against Unnamed YouTubers.** At approximately the 5:28 mark of RB Video 2, the video shows a group of YouTubers organized by the YouTube account holder Collector Weekly assisting Bryan Mansell in investigating the disputed LEGO collection. According to the video, the group stopped working on the matter shortly after beginning because, as one participant stated in a video interview, "they were threatening legal action against us."

10. I reviewed the June 2, 2026 Techdirt article by Mike Masnick titled "Everyone In This

LEGO Dispute Should Have Spoken To A Lawyer Earlier Than They Did," located at https://www.techdirt.com/2026/06/02/everyone-in-this-lego-dispute-should-have-spoken-to-a-lawyer-earlier-than-they-did/. The article reports that Defendant Bryan Mansell reached out to YouTubers to help investigate the status of his allegedly missing LEGO sets, that these YouTubers described Bricks & Minifigs as appearing to have stolen the LEGO sets, and that, according to one YouTuber, Bricks & Minifigs threatened to sue them and the videos were taken down.

**IV. Monetary Threats to Proposed Intervenor**

11. Plaintiffs' opposition to my state-court motion to expedite consideration of my motion to intervene explicitly reserved a purported right to seek attorney's fees against me (*State Ct. Rec.* at p. 603 fn. 1, State Doc. 73 at p. 3 fn. 1) even though I am a nonparty proposed intervenor seeking only limited review of speech-restrictive TRO provisions. In context, the gratuitous reservation of fees did not appear to answer the merits of the expedited review request being opposed. Plaintiffs identified no statute, rule, contract, order, or other basis for such a fee claim. I understood the reservation as a warning that a nonparty listener-subscriber who seeks to be heard on First Amendment issues may face financial consequences for doing so. In the surrounding context—where Plaintiffs also characterized the motion as frivolous, "absurd," and a "public relations stunt"—the fee reservation appeared to function less as a merits response than as a form of deterrent pressure against nonparty participation.

**V. Relevance to Motion**

17. The materials described above are relevant to the motion because they publicly depict or report allegations that Plaintiff BAM Franchising or persons associated with it used threatened litigation expense, legal process, or threatened suit as pressure to suppress speech

or other conduct against several parties who discussed the disputed LEGO collection.

18. These materials are also relevant because they show that the controversy involved not only a private commercial dispute, but also public allegations that legal threats and anticipated litigation burdens were used to deter, pressure, or silence persons who claimed rights or spoke publicly about the dispute.

19. The foregoing materials publicly depict or report allegations that Bricks & Minifigs or persons associated with it used threatened litigation expense, threatened legal action, or threatened suit as pressure against Bryan Mansell, Chrystal Law, Benjamin Gorman, and unnamed YouTubers who discussed the disputed LEGO collection.

20. I do not offer this declaration to prove the ultimate truth of every disputed accusation in the underlying controversy. I offer it to identify and present the cited public materials and the allegations they contain.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 1, 2026, at New York, New York.


/s/ Gregory C. Belmont
Gregory C. Belmont
July 1, 2026

6