UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BAM FRANCHISING, INC., AMMON MCNEFF, MATTHEW MCNEFF, JOSH JOHNSON, BRANDON BEST, BAKER BRICKS, LLC, dba SALEM-BAKER BRICKS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BENJAMIN PAUL SCHNEIDER, RECKLESS BEN LLC, BRYAN MANSELL, and VICTOR NGUYEN, <br><br> Defendants. | **ORDER GRANTING [11] JOINT MOTION FOR PRELIMINARY INJUNCTION** <br><br> Case No. 2:26-cv-00593-DBB-CMR <br><br> District Judge David Barlow |

Based on the Parties' Joint Motion for Modification of Temporary Restraining Order and Entry of Preliminary Injunction (the "Motion")[1], and for good cause shown, the Court hereby grants the Parties' Motion and modifies the Temporary Restraining Order previously entered in Fourth District Court for the State of Utah and enters the following Preliminary Injunction:

Plaintiffs allege they are suffering and will continue to suffer immediate and irreparable injury before this action can be fully heard, as set forth in the Verified Complaint and Motion for Temporary Restraining Order. Defendants dispute these allegations, intend to assert counterclaims against Plaintiffs, and contest Plaintiffs' entitlement to any relief, including, but not limited to, a permanent injunction. Plaintiffs likewise dispute Defendants' counterclaims.

---

[1] Joint Motion Preliminary Injunction, ECF No. 11, filed June 30, 2026.

1

Despite these differences, the Parties have agreed to mediate this case, and in light of this, the Court enters the following Preliminary Injunction:

1. Defendants agree that they, their affiliates, employees, contractors, agents and representatives, and anyone acting in concert with them, directly or indirectly, in person, remotely or online, are immediately restrained from:

    a. Making, transmitting, soliciting, encouraging, and/or facilitating death threats, bomb threats or other threats of physical violence and/or knowingly and intentionally engaging in property destruction, stalking, trespass, interference, extortion, personal injury or property damage against Plaintiffs, their independent franchisees, employees, officers, owners, customers, attorneys, vendors or family members;

    b. Publishing or encouraging others to publish personal addresses, personal phone numbers, personal email addresses, family information or other doxxing information of any kind regarding Plaintiffs' personnel, franchisees, owners or employees;

    c. Entering, remaining at, filming, blocking access to, or approaching within a defined distance (not less than 100 yards) Plaintiffs' or their franchisees' stores, offices, warehouses, franchise locations, parking areas, employee homes or franchisee homes hereafter, except through counsel, lawful service of process or court-approved activity;

    d. Impersonating Plaintiffs, any franchisee, law enforcement, a court officer, a delivery service, a customer, a government entity, employee or any other third party to obtain signatures, access, statements, employee information, audio/video recordings, customer information and/or to effectuate an interference or business disruption;

2

    e.   Touching, altering, covering, defacing or placing signage or any other form of communication affecting Plaintiffs' or their franchisees' physical property;

    f.   Physically blocking, deterring or interfering with customers, employees, vendors or delivery personnel doing business with Plaintiffs or their franchisees in any way, including entering or leaving any such locations; and

    g.   Soliciting Plaintiffs' employees, franchisees or contractors to leak confidential information, record inside stores without authorization, obtain phone numbers or private information, or create or participate in staged confrontations.

2. Subject to the foregoing, nothing in this order shall prohibit Defendants from discussing Plaintiffs, commenting on this litigation, publishing court filings, engaging in investigative journalism, expressing opinions, criticism, satire, and/or commentary, through any lawful means or methods they choose, including, but not limited to, YouTube, Tik Tok, Instagram, and podcasts, and/or other internet, television, radio, and social media platforms.

3. Pursuant to Fed. R. Civ. P. 65(c), Plaintiffs shall not be required to pay as security a bond at this time.

4. The preliminary injunction will remain in effect until further order of the Court.

5. Nothing in the Preliminary Injunction shall be construed as a waiver of any Party's defenses and right to pursue past, present and future claims and damages against any other Party.

Signed July 6, 2026.

BY THE COURT

_____
David Barlow
United States District Judge