# Exhibit 12

The Order of the Court is stated below:
**Dated:** May 28, 2026 05:25:31 PM
/s/ TONY F GRAF JR
District Court Judge

Wm. Kelly Nash (4888)
kelly.nash@dentons.com
Justin T. Rich (18519)
justin.rich@dentons.com
Mina S. Ghobrial (20214)
mina.ghobrial@dentons.com
**DENTONS DURHAM JONES PINEGAR, P.C.**
1557 W. Innovation Way, Ste. 400
Lehi, Utah 84043
Telephone (801) 375-6600

*Attorneys for Plaintiffs*

**IN THE FOURTH JUDICIAL DISTRICT COURT IN AND FOR**

**UTAH COUNTY, STATE OF UTAH**

| | |
|---|---|
| BAM FRANCHISING, INC., a Delaware corporation; AMMON MCNEFF, an individual; MATTHEW MCNEFF, an individual; JOSH JOHNSON, an individual; BRANDON BEST, an individual; BAKER BRICKS, LLC, a Utah limited liability company, and dba SALEM-BAKER BRICKS INC., an Oregon corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BENJAMIN PAUL SCHNEIDER, an individual, dba and aka "RECKLESS BEN"; RECKLESS BEN LLC, a California limited liability company; BRYAN MANSELL, an individual; VICTOR NGUYEN, an individual; and DOES 1-15,<br><br>Defendants. | **TEMPORARY RESTRAINING ORDER AND NOTICE OF PRELIMINARY INJUNCTION HEARING**<br><br>**(Tier 3)**<br><br>Case No.: 260402353<br><br>Judge: Tony F. Graf, Jr. |

This matter came for hearing before the Court on Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction ("**Motion**"). Having considered all evidence, together with the verified pleadings and the requests set forth in the Motion, and finding good cause, the Court hereby grants the Motion and enters this Temporary Restraining Order and makes the following findings:

1. Plaintiffs are suffering and will continue to suffer immediate and irreparable injury before this action can be fully heard, as set forth in the Verified Complaint and Motion, including, *inter alia*, loss of business, loss of good will, loss of existing and future relationships with customers and franchisees, and injury to Plaintiffs and persons involved, unless this Temporary Restraining Order is issued, which injuries cannot be adequately compensated with money. Beginning in early 2025 and continuing to date, co-Defendants engaged in a campaign of extortion, harassment, defamation, nuisance, interference, trespassing, stalking and intimidation targeting Plaintiffs and their businesses and affiliates. Co-Defendants organized and created an "enterprise" for the common purpose of conducting a pattern of unlawful activity, including the publication of false, defamatory and disparaging images, content and statements, including the Publications (as such term is defined in Plaintiffs' Verified Complaint) and other misconduct as alleged in the Verified Complaint.

2. Plaintiffs' threatened injury and damages outweigh any injury or damages to co-Defendants.

3. The granting of the Motion is not contrary to the public interest between private parties, and the public interest is served when extortion, harassment, defamation, nuisance,

interference, trespassing, stalking, intimidation, and the other unlawful conduct set forth in the Verified Complaint is prevented.

4. Plaintiffs are substantially likely to prevail on the merits of their claims against co-Defendants, including claims for Utah RICO violations, defamation per se, civil stalking, trespass, civil conspiracy, tortious interference with economic relations, intentional infliction of emotional distress, injurious falsehood, trade disparagement, false light and nuisance. This case also presents serious issues of law and fact supporting the entry of this Temporary Restraining Order.

5. Plaintiffs are entitled to entry of this Temporary Restraining Order and co-Defendants (including DOES 1-15), their affiliates, co-conspirators, employees, contractors, agents and representatives, and anyone acting in concert with them, directly or indirectly, in person, remotely or online, are immediately restrained from:

a. Making, transmitting, soliciting, encouraging or facilitating death, bomb or other threats of physical harm, property destruction or otherwise against Plaintiffs, their franchisees, employees, officers, owners, customers, vendors or family members;

b. Publishing or encouraging others to publish home addresses, personal phone numbers, personal email addresses, family information or other doxxing information of any kind regarding Plaintiffs' personnel, franchisees, owners or employees;

c. Entering, remaining at, filming, blocking access to or approaching within a defined distance (not less than 1,000 yards) Plaintiffs' stores, offices, warehouses, franchise locations, parking areas, employee homes or franchisee homes after

notice, except through counsel, lawful service of process or court-approved activity;

d. Impersonating Plaintiffs, any franchisee, law enforcement, a court officer, a delivery service, a customer, a government entity or any other third party to obtain signatures, access, statements, employee information, customer information or business disruption;

e. Touching, altering, covering, defacing or placing signage or any other form of communication (i.e., electronic, social media, etc.) affecting Plaintiffs' property, including signs falsely stating or implying that Plaintiffs stole from elderly persons, stole life savings, lost in court or closed to avoid paying a judgment;

f. Blocking, deterring or interfering with customers, employees, vendors or delivery personnel doing business with Plaintiffs in any way, including entering or leaving any of Plaintiffs' locations;

g. Soliciting Plaintiffs' employees, franchisees or contractors to act as "undercover agents", leak confidential information, record inside stores without authorization, obtain phone numbers or private information, create or participate in staged confrontations or otherwise engage in any deceptive activity relating to Plaintiffs and their business and personal interests;

h. Using fabricated, deceptive or misrepresented "contracts", "raffles", "lotteries", "court papers", "awards", or other programs, instruments, recordings or documents to deceive, manufacture evidence or create staged confrontations, deter personnel from calling police or manufacture claims of criminal or other

misconduct;

i. Destroying, deleting, altering or failing to preserve videos, raw footage, outtakes, communications, texts, emails, Discord/Patreon posts, YouTube comments, analytics, phone records, call logs, police communications and documents relating to Bricks & Minifigs, the LEGO collection dispute, threats and the creation/promotion of the videos;

j. Creating, posting, publishing and disseminating (or any republication thereof) any false, misleading, harassing, interfering, defamatory or unlawful images or content, respecting Plaintiffs; and

k. Maintaining the current Publications (as such term is defined in the Verified Complaint) and any other video, audio or other form of publication posted on any online streaming platform by Co-Defendants, directly or indirectly, and requiring that the Publications and any such other communications published by co-Defendants be immediately removed and/or taken down from any online streaming platform or otherwise published that in any way relate to the private legal dispute underlying this matter between Bryan and Chrystal and the assertions of wrongdoing as described in this Verified Complaint.

6. Pursuant to Utah R. Civ. P. 65A(d), Plaintiffs shall not be required to pay as security a bond at this time, because no security is required for the issuance of an injunction if "it appears that none of the parties will incur or suffer costs, attorney fees or damage as the result of any wrongful order or injunction" and because co-Defendants will suffer no legitimate harm from being restrained by the granting of the Motion entry of this Temporary Restraining Order.

7. An evidentiary hearing on Plaintiffs' Motion for preliminary injunction will be held at __:___ __:m on ____, ___, 2026, at the Fourth District Courthouse located at 137 N Freedom Blvd, Suite 100, Provo, UT, 84601.

8. This Order remains in effect until such time as the Court enters its ruling on Plaintiffs' Motion for Preliminary Injunction.

**END OF ORDER**

****Executed and entered by the Court as indicated by the seal at the top of the first page****